UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO


MELISSA WILLIAMS,

       Plaintiffs,

v.                                                                          Civ. No. 11-00578 MV/LFG

FOUR CORNERS FAMILY DENTAL, LLC,

       Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss All Counts Without Prejudice [Doc. 24]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be GRANTED.

## BACKGROUND

On June 28, 2011, Plaintiff filed her Complaint for Employment Discrimination, Unpaid Wages and Civil Rights Violations. Doc. 1. The Complaint includes three federal claims, including a claim of *quid pro quo* sexual harassment, and three state law claims. *Id.* On October 7, 2011, Defendant filed an Amended Answer and Counterclaim. Doc. 22. The counterclaim alleges the state tort of malicious abuse of process. *Id.* On November 8, 2011, Plaintiff filed a Motion to Dismiss All Counts Without Prejudice, in order to re-file her claims in the Eleventh Judicial District Court for the State of New Mexico. Doc. 24. Defendant filed a response in opposition. Doc. 25. Defendant argues that dismissal would be futile, because once Plaintiff files her claims in state court, Defendant will remove the case to federal court. *Id.* In her reply, Plaintiff clarifies that she plans to re-file *only* her state claims in state court, and will not seek to pursue her federal claims. Doc. 26.

**DISCUSSION**

I.      Standard

Before the defendant serves an answer, a plaintiff may voluntarily dismiss a claim without leave of court.  Fed. R. Civ. P. 41(a)(1).  Where, however, a defendant has answered the complaint, a plaintiff may no longer dismiss an action as a matter of right.  Rather, under such circumstances, pursuant to Rule 41(a)(2), the plaintiff must seek a court order dismissing the action.  Fed. R. Civ. P. 41(a)(2).  Specifically, Rule 41(a)(2) gives the district court discretion to dismiss an action without prejudice, at the plaintiff's request, "upon such terms and conditions as the court deems proper."  *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (citation omitted).  Where, as here, the defendant pleads a counterclaim before being served with the plaintiff's motion to dismiss, the court may dismiss the action over the defendant's objection "only if the counterclaim can remain pending for independent jurisdiction."  Fed. R. Civ. P. 41(a)(2).

The primary purposes of Rule 41(a)(2) are "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Brown*, 413 F.3d at 1123.  "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action," *Gonzales v. City of Topeka Kan.*, 206 F.R.D. 280, 282 (D. Kan. 2001), and may include "whatever terms . . . the district court, in its discretion, deems necessary to offset the possible prejudice that the defendant may otherwise suffer." *Woodzicka v. Artifex Ltd.*, 25 F. Supp. 2d 930, 933 (E.D. Wis. 1998).  "These matters fall within the district court's discretion . . . [b]ut absent legal prejudice to the defendant, the district court normally should grant such a dismissal."  *Brown*, 413 F.3d at 1123.  Legal prejudice "is a function of []practical factors including: the opposing party's effort and expense in preparing for trial;

excessive delay and lack of diligence on the part of the movant; insufficient explanation of the

need for a dismissal; and the present stage of litigation." *Id.* at 1124.  Notably, prejudice "does

not arise simply because a second action has been or may be filed against the defendant, which is

often the whole point in dismissing a case without prejudice." *Id.*

II.       The Instant Case

First, in light of Defendant's opposition, dismissal is proper only if Defendant's

counterclaim for malicious abuse of process can remain pending for independent jurisdiction.

Such independent jurisdiction exists under the supplemental jurisdiction statute, 28 U.S.C.

Section 1367(a), if the counterclaim is "so related to claims in the action within [the court's]

original jurisdiction that they form part of the same case or controversy under Article III of the

United States Constitution." *Price v. Wolford, D.O.*, 608 F.3d 698, 702 (10th Cir. 2010)

(quoting 28 U.S.C. § 1367(a)).  "A claim is part of the same case or controversy if it derives

from a common nucleus of operative fact." *Id.* (citation omitted).

Here, the Court has federal question jurisdiction over Plaintiff's *quid pro quo* sexual

harassment claim, brought under Title VII of the Civil Rights Act.  Plaintiff's sexual harassment

claim is based on her allegations that Tyler Mann ("Mann") fired Plaintiff, without a legitimate

basis, after she rejected his sexual advances.  Doc. 1, ¶¶ 52-55.  In turn, Defendant's state law

malicious abuse of process counterclaim is based on its allegations that Plaintiff's sexual

harassment claims are "bogus and groundless", and were filed for the purposes of retaliation,

vengeance, financial ruin, and harassment.  Doc. 22, ¶¶ 11-16.  Both Plaintiff's claim and

Defendant's counterclaim rely on the same evidence of the circumstances surrounding Plaintiff's

termination.  Specifically, to establish that she was subjected to *quid pro quo* sexual harassment,

Plaintiff must prove that Mann terminated her because she rejected his sexual advances; to

3

establish that Plaintiff's sexual harassment claim constitutes malicious abuse of process,

Defendant must disprove the same set of facts.  Because Plaintiff's Title VII claim and

Defendant's state law counterclaim thus derive from a common nucleus of operative fact, the

Court has supplemental jurisdiction over Defendant's counterclaim.  *See Global Naps, Inc. v.*

*Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010); *Crow v. Unitah Basin Elec. Tel.*, No.

2:09-CV-1010, 2010 WL 5069852, \*4; *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL

640733, \*1 n.1 (D. Kan. Mar. 6, 2008).  Further, because supplemental jurisdiction would not be

lost by the dismissal of Plaintiff's claims, the fact that Defendant pleaded a counterclaim does

not prohibit dismissal of Plaintiff's claims under Rule 41(a)(2).  *See Owner-Operator Indep.*

*Drivers Assoc., Inc. v. Swift Transport. Co., Inc.*, No. CV 02-1059, 2004 WL 5376210, \*4 (D.

Ariz. July 28, 2004); *Piedra v. Mentor Graphics Corp.*, 979 F. Supp. 1297, 1298 (D. Ore. 1997).

Second, the Court must consider whether dismissal will result in unfair prejudice to

Defendant.  Based on all of the relevant factors, the Court finds that any prejudice to Defendant

that might result from dismissal of Plaintiff's claims can be addressed adequately by the

imposition of curative conditions, and that dismissal with conditions thus is proper.  Defendant's

only argument in opposition to Plaintiff's motion is that Plaintiff intends to re-file her claims in

state court.  The fact that a second action may be filed against Defendant, however, is

insufficient to establish prejudice.  To the contrary, Plaintiff's stated intention of refiling her

state claims in state court is a valid explanation for her motion.  *See Brown*, 413 F.3d at 1124.

Although it does not appear that Plaintiff  was dilatory in filing her motion, the Court is

mindful that Defendant has undergone significant effort and expense in discovery in this matter,

and, since the filing of Plaintiff's motion, has prepared and submitted a motion for summary

judgment on all of Plaintiff's claims.  In the event that Plaintiff follows through on her intention

to re-file her state claims in state court, the discovery produced in this action will be useful in the

state court action. *See San Marco v. City of St. Petersburg*, 185 F.R.D. 679, 681 (M.D. Fla.

1999). Further, Defendant will have "a motion for summary judgment at the ready, which could

be filed the day after [it is] served with Plaintiff's complaint." *Woodzicka*, 25 F. Supp. 2d at

936. Under these circumstances, the Court finds that conditioning dismissal of this action on the

following conditions will alleviate any unfair prejudice to Defendant: (1) Plaintiff shall agree

not to re-file her federal claims in any state action against Defendant; (2) Plaintiff shall agree

that all discovery conducted in this action shall be available for use in any state action between

the parties; and (3) Plaintiff shall agree to adhere to all discovery rulings issued in this action.

As discussed above, even after dismissal of Plaintiff's claims, the Court has supplemental

jurisdiction over Defendant's state law counterclaim. Section 1367(c), however, gives the Court

discretion to decline to exercise jurisdiction where, as here, the court "has dismissed all claims

over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The Supreme Court has

instructed that 'a federal court should consider and weigh in each case, and at every stage of the

litigation, the values of judicial economy, convenience, fairness, and comity in order to decide

whether to exercise jurisdiction over a case brought in that court involving pendent state-law

claims.'" *Merrifield v. Bd of County Comm'rs for Santa Fe*, 654 F.3d 1073, 1085 (10th Cir.

2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Further, the Tenth

Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of

state law, the federal court should decline the exercise of jurisdiction by dismissing the case

without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010).

Taking into consideration the relevant factors, and following Tenth Circuit precedent, the

Court declines to exercise supplemental jurisdiction over Defendant's state law counterclaim.

The interests of judicial economy, convenience, fairness and comity all weigh in favor of allowing the State Court the opportunity to resolve Plaintiff's state law claims and Defendant's related state law counterclaim, together, in one forum and in one action.

**CONCLUSION**

Defendant's counterclaim does not foreclose dismissal of Plaintiff's claims under Rule 41(a)(2).  Further, any prejudice to Defendant that might result from dismissal of Plaintiff's claims can be addressed adequately by the imposition of curative conditions.  Accordingly, dismissal of Plaintiff's claims, without prejudice and with conditions, is proper.  In the absence of any claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Defendant's state law counterclaim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss All Counts Without Prejudice [Doc. 24] is **GRANTED**, as follows: (1) Plaintiff's claims are dismissed without prejudice; (2) Defendant's counterclaim is dismissed without prejudice; (3) all discovery taken in the instant case shall be available for use in any state action between the parties; (4) Plaintiff shall adhere to all discovery rulings issued in this case; and (5) Plaintiff shall agree not to re-file any of the federal claims alleged in this action in any state action between the parties.

DATED this 20th day of April, 2012.

_____
MARTHA VÁZQUEZ
United States District Court Judge